#### UNITED STATES DISTRICT COURT
#### DISTRICT OF SOUTH CAROLINA
#### AIKEN DIVISION

| | |
|---|---|
| Milton Lewis, | Civil Action No. 1:07-3231-MBS |
| Plaintiff, | |
| vs. | **COMPLAINT** <br> **(jury trial requested)** |
| Norfolk/Southern Railroad, Inc. | |
| Defendant. | |

The Plaintiff, complaining of the Defendant herein would respectfully show unto this Honorable Court:

### JURISDICTION

1. This Action arises under the common law and the Laws and Constitution of the state of South Carolina.

2. Subject matter is conferred upon this court by 28 USC § 1332 and § 1336. Defendant is a foreign corporation.

### PARTIES

3. The Plaintiff is a citizen of the United States of America and resident of the County of Richland, State of South Carolina.

4. That Defendant is, upon information and belief, a corporation duly organized and existing under the laws of one of the states of the United States of America, other than the state of South Carolina

**FACTUAL ALLEGATIONS**

5. That on or about the sixth day of January, 2005, a train owned and operated by the Defendant was approaching Graniteville South Carolina. This train was carrying chlorine gas, among other chemicals.

6. Earlier, another, second train, also owned and operated by the defendant had been diverted off of the main track onto a side track at Graniteville, where it had been parked.

7. That the tracks, on which both trains were operating, were under the control of and were the responsibility of the Defendant.

8. That the Defendant, by and through its agents and servants, failed to properly reline the track by which the second train had been diverted off the main track onto the side track.

9. That the Defendant, by and through its agents and servants, left the green, go signal, on the main track.

10. That the Defendant's first train proceeding down the main track, at a high rate of speed was diverted onto the side track causing it to collide with great force with the second train of the Defendant.

11. That subsequently, the chlorine gas and other chemicals, carried by the first train were released, contaminating various portions of the town of Graniteville including Avondale Mills.

12. That the contamination of Avondale Mills caused it to be closed down. On July 23, 2005, Plaintiff was employed at Avondale Mills to clean up the contamination caused by the wreck of the Defendant's trains.

13. That the Plaintiff worked at cleaning up Avondale Mills, from July 23, 2005 until December 17, 2005.

14. That the Defendant gave the Plaintiff no notice or warning of the inherent danger of such work or what precautions should be taken against such inherent dangers.

15. That the chlorine and sodium hydroxide and other chemical contamination present in Avondale Mills, was inhaled by the Plaintiff in the course of his work, causing severe and permanent injury to his lungs.

## FOR A FIRST CAUSE OF ACTION
### (Negligence I)

16. Plaintiff herein repeats and reiterates each and every allegation contained in the preceding paragraphs as though set forth herein verbatim.

17. Defendant was willful, wanton, reckless, grossly negligent and careless in each of the following particulars:

    a. In failing to properly reline the tracks after pulling the second train onto the side track;

    b. In failing to change the green go signal on the main track to stop or caution;

    c. In failing to check or inspect the rails to be sure they were properly aligned;

    d. In failing to provide a monitoring system to indicate that the rails to the main track had not been properly realigned;

    e. In failing to provide a switching system that would automatically lock the main track rails in perfect alignment after the side tracking of a train off the main track;

    f. And, in otherwise failing to exercise that degree of care and caution, which was due considering the severity of the damage likely to occur in the event of a mishap.

18. That as a direct result and consequence of the Defendant's willful, wanton, grossly negligent, negligent and careless actions, Plaintiff suffered physical pain and discomfort, was hospitalized, underwent medical treatment, resulting in medical bills, suffered extreme emotional distress and anguish, loss of income, the quality of his life was diminished, and he was totally and permanently disabled, and is expected in the future to suffer physical pain and discomfort, hospitalization, medical treatment, medical bills, emotional distress and anguish, loss of income, loss of quality-of-life, and reduction of his life expectancy.

## FOR A SECOND CAUSE OF ACTION
### (Negligence II)

12. Plaintiff herein repeats and reiterates each and every allegation contained in the preceding paragraphs as though set forth herein verbatim.

13. Defendant was willful, wanton, reckless, grossly negligent and careless in each of the following particulars:

    a. In failing to provide the Plaintiff of any notice or warning, of any kind, of the inherent danger to the Plaintiff involved with cleanup, of the Avondale Mills contamination, even though the Defendant either knew or should have known of the dangers involved with the chemicals, it was transporting;

    b. In failing to provide the Plaintiff with any training or information regarding how to minimize or avoid the dangers associated with cleanup of the Avondale Mills;

    c. In failing to provide the Plaintiff with the proper protective gear and equipment to protect him in the cleanup of the Avondale Mills;

    d. In failing to prevent access to Avondale Mills by anyone not properly trained or equipped to safely deal with the cleanup of the Mill;

    e. In exposing the Plaintiff to toxic chemicals, including chlorine and sodium hydroxide;

    f.. And, in otherwise failing to exercise that degree of care and caution, which was due considering the severity of the damage likely to occur in the event of plaintiff going unawares into Avondale Mills, to clean up the contamination.

14. That as a direct result and consequence of the Defendant's willful, wanton, grossly negligent, negligent and careless actions, plaintiff suffered physical pain and discomfort, was hospitalized, underwent medical treatment, resulting in medical bills, suffered extreme emotional distress and anguish, loss of income, the quality of his life was diminished, and he was totally and permanently disabled, and is expected in the future to suffer physical pain and discomfort, hospitalization, medical treatment, medical bills, emotional distress and anguish, loss of income, loss of quality-of-life, and reduction of his life expectancy.

## **FOR A THIRD CAUSE OF ACTION**
### **(Battery)**

15. Plaintiff herein repeats and reiterates each and every allegation contained in the preceding paragraphs as though set forth herein verbatim.

16. The Defendant did cause chemical fumes, including chlorine and sodium hydroxide, to enter into and contact the Plaintiff's lungs, impacting them in a rude and offensive manner.

17. That as a direct result and consequence of the Defendant's battery, Plaintiff suffered physical pain and discomfort, was hospitalized, underwent medical treatment, resulting in medical bills, suffered extreme emotional distress and anguish, loss of income, the quality of his life was diminished, and he was totally and permanently disabled, and is expected in the future to suffer physical pain and discomfort, hospitalization, medical treatment, medical bills, emotional distress and anguish, loss of income, loss of quality-of-life, and reduction of his life expectancy.

WHEREFORE, Plaintiff prays for judgment against the Defendant for his actual and punitive damages, for the cost of this action, and for such other and further relief as this Court may deem just and equitable.

BY *s/William Gary White*
Wm. Gary White, III
Attorney for Plaintiff
20009 Lincoln Street
Columbia S C 29201
(803) 256-2115

Columbia, South Carolina
September 25, 2007